LAW OFFICES OF

# Vincent S. Wong

*Attorneys at Law*

**Please Respond To:**
☑ 39 East Broadway, Suite 304
New York, NY 10002
☐ 6008 8th Avenue, 2nd floor
Brooklyn, NY 11220

Phone: 212.349.6099
Phone: 212.349.6999
Fax: 212.349.6599
♦♦♦
vswlaw@gmail.com
www.vswlaw.com

December 16, 2013

**VIA ECF**
Hon. Shira A. Sheindlin
U.S. District Judge, SDNY
500 Pearl Street
New York, NY 10007

   RE: Shu Lun Wu et al. v. May Kwan Si, Inc. et al.
      Index No.: 10-cv-5380
      **Reply in Opposition to Defendants' Motion to Dismiss**

Dear Judge Sheindlin:

  Please find this amended Reply in opposition to Defendant Tsu Yue Wang's motion to dismiss. Our firm represents the Plaintiffs Shu Lun Wu and Foong Oi Wong. We are writing to supplement our prior response to the Defendants' Letter Motion dated November 12, 2013. Following our review of Defendant Tsu Yue Wang's bankruptcy filing, we reaffirm our request that this Court deny the Defendants' motion its entirety.

  As mentioned in our prior letter, the Defendants rely exclusively on Defendant Tsu Yue Wang's Chapter 11 bankruptcy, which was filed on March 22, 2010. It is the Defendants' contention that the present action must be dismissed as against Mr. Wang, pursuant to Judge Martin Glenn's February 29, 2012 Chapter 11 bankruptcy confirmation order. Our review of Mr. Wang's bankruptcy filings indicates that Mr. Wang never included the Plaintiffs Shu Lun Wu and Foong Oi Wong as scheduled creditors in his bankruptcy filing. Indeed, it further appears that Mr. Wang failed to disclose the existence of this present litigation in his bankruptcy, despite filing three separate amendments, each adding scores of individual creditors, primarily for potential wage and overtime claims.

  Subsequent to the Plaintiffs' commence of this litigation on July 14, 2010, Mr. Wang filed notices relating to other FLSA lawsuits against the Ollie's Noodles Restaurant entity. The fact that Mr. Wang omitted this present litigation in his bankruptcy filings is troubling, and indicative of an intent to deceive both this Court and the bankruptcy Court. Given the large volume of documents involved in Mr. Wang's bankruptcy filing[1] and the costs associated with accessing these documents, we request that Mr. Wang produce forthwith any evidence that Shu Lun Wu or Foong Oi Wong were included as creditors in Mr. Wang's bankruptcy filing. Mr. Wang is the individual best situated to produce these documents, as they are or should be in his care, custody, or control.

---

[1] There are 161 docketed documents associated with Mr. Wang's bankruptcy, many with several individual exhibits, attachments, affidavits of service, etc. The total volume of these pages is well over one thousand pages. It is prohibitively expensive to recreate Mr. Wang's entire file to properly review every document. We have focused our attention on amendments to the bankruptcy schedule and on associated affidavits of service, where the Plaintiffs should be listed.

Nevertheless, our review of each of Mr. Wang's three amendments adding creditors, indicates that neither Shu Lun Wu or Foong Oi Wong were ever included as scheduled creditors. If the Defendant cannot produce said documents, we request that any stay against Mr. Wang in this case immediately cease, and that the defendant be sanctioned for delaying this action for almost two and a half years.

In the alternative, even if the Plaintiffs were included as creditors in Mr. Wang's bankruptcy, Mr. Wang's bankruptcy cannot as a matter of law apply to them, as they were never properly noticed, as required by 11 U.S.C § 342 ,11 U.S.C § 523, 11 U.S.C § 521(a)(1)(A), and Fed. R. Bankr. P. § 1007(d). A review of several of Mr. Wang's bankruptcy affidavits of service show that Mr. Wang failed to provide any notice whatsoever of the bankruptcy proceeding to the Plaintiffs. We have been unable to find a single affidavit of service filed in Mr. Wang's bankruptcy which includes the Plaintiffs. We reiterate our request for the Defendant to produce evidence of service of any bankruptcy documents upon the Plaintiffs.

It is well within the power of this Court to adjudicate on these issues. The subject matter jurisdiction of U.S. bankruptcy courts is governed by 28 U.S.C. §§ 1334 and 157(a). Federal district courts, such as this one, have exclusive jurisdiction over every "case under" the Bankruptcy Code. Moreover, they have original jurisdiction over every civil proceeding "arising under" the Bankruptcy Code, "arising in" a bankruptcy case, or "related to" a bankruptcy case. *See* 28 U.S.C. § 1334(a) ; *accord Atamian v. U.S. Dep't. of Ed., et. al. (In re Atamian),* 368 B.R. 375, 379 (Bankr. D. Del. 2007). A civil proceeding is one "arising under" the Bankruptcy Code if it "invokes a substantive right created by the Bankruptcy Code," such as a preference/turnover action under 11 U.S.C. §§ 547 and 542. *In re Atamian,* 368 B.R. at 379. A civil proceeding "arises in" a bankruptcy case if it is not provided for in the Bankruptcy Code, but would have no existence apart from a bankruptcy case. *Id.* at 379. A civil proceeding is "related to" a bankruptcy case where its outcome "might have any conceivable effect" on the bankruptcy estate. *In re Quigley Co., Inc.,* 676 F.3d 45 (2d. Cir. 2012).

In the present case, it is clear that this Court has the power to amend Mr. Wang's bankruptcy confirmation order to exclude the Plaintiffs. Pursuant to 28 U.S.C. §§ 1334 and 157(a), this is a civil proceeding related to Mr. Wang's bankruptcy case, which will have effects on Mr. Wang's estate. Defendants, in their motion, only allege indirect notice to this Court on September 15, 2010. However, such notice is insufficient to put the Plaintiffs on notice (*see infra.*). At the time when this present action was commenced, Mr. Wang had retained counsel both in his bankruptcy and to appear in this present case. His attorneys were well aware of their obligations under the Federal Rules of Bankruptcy Procedure to provide notice of this bankruptcy to the Plaintiffs, as well as their obligation to provide notice of this lawsuit's existence to the bankruptcy Court.

In general, the confirmation of a bankruptcy reorganization plan for a chapter 11 debtor results in the provisions of that plan being binding upon, among others, the creditors of that debtor. *See* 11 U.S.C. § 1141(a). Exceptions to this general rule are set out in Section 523 of the Bankruptcy Code. Under Section 523 of the Code, a debtor is required to give all of his creditors notice of the bankruptcy. The section prohibits the discharge of debt that was "neither listed nor scheduled…in time to permit…timely filing of a proof of claim, unless [the] creditor had notice or actual knowledge of the case in time for timely filing." *See also* 11 U.S.C. § 1141(a)(2), which states "A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title."

The requirements for a debtor to provide notice to creditors under a Chapter 11 Bankruptcy proceeding are provided for in 11 U.S.C § 342. In relevant portion this statute states, "(g) (1) Notice provided to a creditor by the debtor or the court other than in accordance with this section…shall not be effective notice until such notice is brought to the attention of such creditor."

  Here, Mr Wang provided no notice, timely or otherwise, to the Plaintiffs of his bankruptcy filing. Between July 14, 2010, when the Plaintiffs filed this action, and February 29, 2012, when the bankruptcy plan was confirmed, Mr. Wang had over one and a half years to provide notice to the Plaintiffs made in accordance with the provisions of 11 U.S.C § 342. Indeed, for such notice to even be effective, it had to be sufficiently timely. A review of the docket report in this present proceeding makes it abundantly clear that Mr. Wang never did any such thing. Nowhere has formal or timely notice been given to the Plaintiffs of the existence of Mr. Wang's bankruptcy. Mr. Wang's counsel wrote one letter on September 10, 2010, nearly six months after filing for bankruptcy, in which he states "I also wish to advise the Court that Mr. Wang…is currently in bankruptcy." However, such a cursory statement, which does not comply with 11 U.S.C § 342 in format or timeliness cannot, as a matter of law, suffice. It is clear that as required by 11 U.S.C § 523(a)(3)(B), the Defendant's failure to notify the Plaintiffs was "(6) for willful and malicious injury by the debtor to another entity or to the property of another entity." There was simply no reason for the Defendants to fail to provide lawful notice to the Plaintiffs to dispute the Defendant's proposed bankruptcy plan. This omission was calculated to maliciously injure the present Plaintiffs' claims.

  Further, Fed. R. Bankr. P. §§1007(d) requires that "a debtor in a voluntary Chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims." See also 11 USC § 521(1)(A), Debtor's Duties, which requires that a Debtor file with the court a list of creditors. Mr. Wang is in violation of this provision by virtue of his failure to provide notice to the Plaintiffs as required by 11 U.S.C § 342. He cannot simply list a creditor for whom he has provided no notice. See 11 U.S.C § 342. We request that Mr. Wang provide a complete copy of the approved bankruptcy plan, so we may confirm whether or not this pending litigation is included in the required schedule of creditors.

  Judge Glenn's February 29, 2012 bankruptcy order itself makes a finding of fact that pursuant to Rule 7052(a) of the Fed. R. Bankr. P. that "(iv) due, sufficient and adequate notice of the Plan, Confirmation Hearing, and all deadlines for…filing objections to the Plan have been given to all know holders of claims…" This simply cannot be the fact. We request that Mr. Wang provide complete copies of all notices of the bankruptcy plan, confirmation hearing, and filing deadlines that he provided to the Plaintiffs or Plaintiffs' counsel.

  Finally, it is well-established by statute that the creditors with first priority for repayment pursuant to a Chapter 11 bankruptcy include secured creditors, state and federal tax agencies, and employees owed wages. See 11 USC § 507(a)(4)(A), which prioritizes the repayment of employee "wages, salaries, or commissions…earned by an individual" in a bankruptcy proceeding. As the Plaintiffs' claims are for unpaid wages, their deliberate omission by Defendant Wang are especially egregious.

  For the foregoing reasons, it is requested that Defendant Tsu Yue Wang's motion to dismiss be denied in its entirety.

Respectfully,

                 Law Offices of Vincent S. Wong

                 Vincent Wong, Esq.

CC: Joseph Labuda, Esq. via ECF