**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

:

SHU LUN WU and FOONG OI WONG,                              :

Plaintiffs,                              :

:

:

- against -                              :

:

MAY KWAN SI, INC. d/b/a OLLIE'S          :
NOODLE SHOP & GRILLE, TSU Y. WANG,       :
RONG LIN ZHU, and HANG CHENG CHEN,       :

:

Defendants.                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

```
┌──────────────────────────────┐
│ USDC SDNY                     │
│ DOCUMENT                      │
│ ELECTRONICALLY FILED          │
│ DOC #: _____                │
│ DATE FILED: 2/4/14            │
└──────────────────────────────┘
```

**OPINION AND**
**ORDER**

**10 Civ. 5380 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On July 14, 2010, Shu Lun Wu and Foong Oi Wong commenced an

action in this Court seeking damages for alleged violations of the Fair Labor

Standards Act,[1] New York Labor Law,[2] and New York City labor regulations.[3] At

that time, defendant Tsu Yue Wang was a debtor in the United States Bankruptcy

Court for the Southern District of New York.[4]

---

[1]    *See* 29 U.S.C. § 201 *et seq.*

[2]    *See* N.Y. Lab. Law §§ 196-d, 650–655.

[3]    *See* 12 N.Y.C.R.R. §§ 137-1.3, 137-1.7, 137-3.13.

[4]    *See* Bankruptcy Case No. 10-11478 (Bankr. Dkt. No. 1).  Citations to
"Bankr. Dkt. No. __" are to the docket in Wang's bankruptcy case.

1

Wang seeks dismissal of the claims brought against him.  He argues that plaintiffs' claims were discharged pursuant to his confirmed chapter 11 plan of reorganization.[5]  Plaintiffs argue that their claims were not discharged because they did not have notice of the bankruptcy and move for sanctions against Wang's counsel under Federal Rule of Civil Procedure 11 for violating professional obligations.[6]  For the following reasons, Wang's motion to dismiss is denied without prejudice, and plaintiffs' motion for sanctions is denied.

## I.    BACKGROUND

Wang filed his bankruptcy petition on March 22, 2010.[7]  His case was assigned to Bankruptcy Judge Martin Glenn.  Wang did not list plaintiffs as creditors on the schedules or statements filed with his petition.

On April 21, 2010, Wang sought an order in his bankruptcy case establishing a deadline for filing proofs of claim (the "Bar Date Motion").[8]  The Bar Date Motion was not served on plaintiffs.  On May 21, 2010, Judge Glenn

---

[5]    *See* 11/12/13 Letter from Joseph M. Labuda, counsel to Wang, to the Court ("Letter Motion to Dismiss), at 1.

[6]    *See* 12/31/13 Letter from Vincent S. Wong, counsel to plaintiffs, to the Court ("Pl. Sur-Reply"), at 1-2.

[7]    *See* Bankr. Dkt. No. 1.

[8]    *See* Bankr. Dkt. No. 21.

entered an order establishing July 15, 2010 (the "Bar Date") as the deadline for filing proofs of claim (the "Bar Date Order").[9]

The Bar Date Order deems notice of the Bar Date "adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date" on certain parties, including known creditors and all parties to litigation with the Debtor.[10]  It does not provide for publication notice, or any other form of notice, to unknown creditors.

However, the Bar Date Order provides that:

> [I]f the Debtor amends or supplements the schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline.[11]

The Bar Date Order also states that the entry of the Bar Date Order is "without prejudice to the rights of the Debtor to seek a further order of this Court fixing a date by which holders of claims . . . not subject to the Bar Date . . . must file proofs of claim . . . or be barred from doing so."[12]  The Bar Date Order was not served on

---

[9]       *See* Bankr. Dkt. No. 32.

[10]      Bar Date Order at 4.

[11]      *Id.* at 3-4.

[12]      *Id.* at 5.

plaintiffs.[13]

On September 10, 2010, nearly two months after the Bar Date and the filing of this action, Wang's counsel filed a letter in this case informing the Court and plaintiffs of the pendency of Wang's bankruptcy case, the chapter it was filed under, and the docket number.[14]  Based on the letter and the automatic stay provisions of the Bankruptcy Code, this action was stayed as to Wang.[15]  The letter did not refer to the Bar Date or the Bar Date Order.

Wang did not amend his bankruptcy schedules or statements to include plaintiffs or otherwise disclose the pendency of this action in his bankruptcy case.  Wang's disclosure statement was approved in January 2012, and his chapter 11 plan of reorganization was confirmed on February 29, 2012.[16]  Neither the disclosure statement nor the plan of reorganization were served on plaintiffs.[17]

The confirmation order states, "upon completion of all payments

---

[13]    *See* 12/16/13 Letter from Plaintiffs to the Court, Reply in Opposition to Defendant's Motion to Dismiss ("Pl. Opp."), at 2.

[14]    *See* 9/10/10 Letter from Adam C. Weiss, counsel to Wang, to the Court ("D. 9/10/10 Letter"), ECF No. 4.

[15]    *See* 11 U.S.C. § 362(a).

[16]    *See* Bankr. Dkt. Nos. 135, 136.

[17]    *See* Pl. Opp. at 2.

4

required under the Plan, individual debtor [ ] Wang shall be discharged and/or deemed released from any and all debts which arose before the date of confirmation . . . ."[18]   It further provides that any creditor "whose debts . . . were discharged . . . by the Plan and this Order are jointly and severally restrained and enjoined from instituting or continuing any action in any court . . . to collect such debts . . . from [Wang]."[19]

## II.    APPLICABLE LAW

### A.    Governing Bankruptcy Law

At the outset of a bankruptcy case, a debtor must list all known claims on his schedules and statements.[20]   If a debtor's initial filings are inaccurate or incomplete, they can "be amended by the debtor as a matter of course at any time

---

[18]    Confirmation Order, Ex. B to Letter Motion to Dismiss, ¶ 5(b).

[19]    *Id.* ¶ 6.

[20]    *See, e.g.*, 11 U.S.C. § 521(a)(1)(A); Fed. R. Bankr. P. 1007(a)(1). *Accord In re Boland*, 275 B.R. 675, 677 n.3 (Bankr. D. Conn. 2002) ("It is *never* appropriate for a debtor to omit a claim intentionally from the debtor's schedules (which in practice is done sometimes if the debtor intends that the discharge not apply to that debt.") (emphasis in original).  The term "claim," is defined as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]"  11 U.S.C. § 101(5)(A).  "It is well settled that 'claim' and 'debt' are synonymous, such that whenever a 'claim' arises, a 'debt' necessarily arises as well; the only distinction between the two terms is the party to which it applies."  *Official Comm. of Unsecured Creditors of Enron Corp. v. Whalen (In re Enron Corp.)*, 357 B.R. 32, 47 (Bankr. S.D.N.Y. 2006).

before the case is closed."[21]   "Indeed, [a] [d]ebtor has an ongoing obligation to

schedule assets and liabilities and to provide a statement of financial affairs."[22]

In chapter 11 bankruptcies, a proof of claim is "deemed filed" if the

creditor's claim is listed on the debtor's schedules, unless it is listed as disputed,

contingent, or unliquidated.[23]   If a creditor's claim is not deemed filed, and the

creditor does not file a timely proof of claim, then the creditor "shall not be treated

as a creditor with respect to such claim for the purposes of voting [on a chapter 11

plan] and distribution" under a confirmed plan.[24]

However, individual chapter 11 debtors are subject to the discharge

exceptions set forth in section 523 of the Bankruptcy Code.[25]   Accordingly, the

---

[21]     Fed. R. Bankr. P. 1009(a).

[22]     *In re Riverwood La Place Assocs., LLC*, 234 B.R. 256, 259
(Bankr. E.D.N.Y. 1999).

[23]     11 U.S.C. § 1111(a) ("A proof of claim or interest is deemed filed
under section 501 of this title for any claim or interest that appears in the schedules
filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest
that is scheduled as disputed, contingent, or unliquidated.").  *See* Fed. R. Bankr. P.
3003(c)(2) (stating that "[a]ny creditor or equity security holder whose claim or
interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall
file a proof of claim or interest within the time prescribed by subdivision (c)(3) of
this rule").  In contrast, a creditor must file a claim in a chapter 7 case to receive a
distribution.  *See* 11 U.S.C. § 726(a).

[24]     Fed R. Bankr. P. 3003(c)(2).

[25]     *See* 11 U.S.C. § 1141(d)(2) (stating that the debt of an individual
debtor is not discharged if it is excepted from discharge under section 523(a)(3)).

claim of a creditor who is not listed on an individual chapter 11 debtor's schedules will not be discharged unless the creditor had notice of the bankruptcy case in time to file a timely proof of claim.[26]

Furthermore, "[i]t is undisputed that a confirmation order cannot act to discharge and enjoin a claim unless the claimant has received adequate notice of the bankruptcy proceeding and any of the claims bar dates fixed therein."[27]  "If a creditor is not bound by section 1141's discharge, that creditor retains all of his pre-petition rights against the debtor."[28]

Although section 523(a)(3)(A) applies in both chapter 7 and chapter 11 cases, notice principles are applied differently depending on the chapter.[29]  A central reason for this is that the time to file a proof of claim in a chapter 7 case is

---

[26]   *See id.* § 523(a)(3)(A) (stating that a creditor's claim is not discharged unless the creditor receives notice of the bar date for filing claims in time for the creditor to make a timely filing).

[27]   *In re St. James Mechanical, Inc.*, 434 B.R. 54, 62 (Bankr. E.D.N.Y. 2010) (citing cases) (quotations and brackets omitted).

[28]   *Id.* at 63.

[29]   The required notice may also be different depending on whether the debtor is an individual or a business.  *See, e.g.*, *In re Medaglia*, 52 F.3d 451, 457 (2d Cir. 1995) ("By their very nature corporate reorganizations frequently do not lend themselves to the goal of promptness.  Unlike knowledge of an individual debtor petition, knowledge of a corporate reorganization petition does not readily enable a creditor to estimate the bar date.").

triggered by the meeting of creditors, whereas in chapter 11 cases a bar date for

filing proofs of claim is set after application to the bankruptcy court, and can occur

at any time.[30]  As explained by one court:

> We treat creditors with actual knowledge differently in Chapter 11
> because of procedural differences with Chapter 7. Unlike in a
> Chapter 7 case, the Chapter 11 bar date is not set by the Federal
> Rules of Bankruptcy Procedure.  Thus, notice of the bankruptcy
> does not afford the creditor the information necessary to
> determine the applicable bar claims date.[31]

Regardless of the chapter, however, the notice given must provide the creditor with

sufficient time to timely file a proof of claim.[32]

---

[30]      *See, e.g.*, Fed. R. Bankr. P. 3002(c) (stating that a proof of claim in a
chapter 7 case is "timely filed if it is filed not later than 90 days after the first date
set for the meeting of creditors called under § 341(a) of the Code," unless one of
six enumerated exceptions applies).  Another difference is that individual chapter 7
debtors receive a discharge of all their dischargeable debts following
administration of their estates unless an exception to discharge applies.  *See* 11
U.S.C. § 727.  For an individual chapter 11 debtor, a discharge will generally not
issue "until the court grants a discharge on completion of all payments under the
plan." *Id.* § 1141(d)(5)(A).  *See also id.* § 1141(d)(1)(A) (stating that for corporate
chapter 11 debtors, a discharge issues upon confirmation of the plan).

[31]      *In re Brunswick Hosp. Center, Inc.*, Nos. 892-80487-20, 894-8283-
346, 1997 WL 836684, at *5 (Bankr. E.D.N.Y. 1997) (citing *In re Maya Constr.
Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996)) (citations omitted).  *Accord Medaglia*, 52
F.3d at 455 ("While general knowledge that a bankruptcy proceeding has
commenced is not the same as specific knowledge of the bar date, provisions of the
Code do enable a creditor to estimate the bar date with relative accuracy based only
on knowledge of when a Chapter 7 petition was filed.").

[32]      *See, e.g.*, *In re Massa*, 187 F.3d 292, 298 (2d Cir. 1999) ("Because
[creditors] had neither notice nor actual knowledge of the Chapter 7 proceeding,

When a creditor is not listed on a debtor's schedules pursuant to section 521, "[t]he burden of establishing that a creditor has received adequate notice rests with the debtor."[33]  Courts "look 'to the totality of the circumstances' in determining whether a creditor was adequately apprised of the" bar date.[34]  A letter or motion informing the court and creditor's counsel of the bankruptcy proceeding can serve as notice sufficient to sustain the discharge of an unscheduled

---

the debt was never discharged."); *In re Cash*, 319 Fed. App'x 4 (2d Cir. 2009) (same); *In re Turning Point Lounge, Ltd.*, 111 B.R. 44, 47 (W.D.N.Y. 1990) (stating that courts "have uniformly held that the debt owed to a creditor who was not scheduled, did not receive notice of the bar date for filing a proof of claim and therefore, could not participate in the reorganization process is not bound by the plan and its claim is not discharged notwithstanding" section 1141(d)) (collecting cases).  In the context of section 523(a)(3)(B), which deals with objections to the dischargeability of a debt, the Second Circuit has explained that "[e]ven if a creditor learns of the bankruptcy proceeding at a relatively late date (but before the bar date), . . .  the creditor [can] move the court for an order extending the time in which to file objections to dischargeability."  *Medaglia*, 52 F.3d at 455.  "Therefore, while it is true that § 523(a)(3)(B) does impose a burden on unlisted creditors who obtain timely knowledge of a bankruptcy proceeding, that burden is minimal and certainly does not deprive unlisted creditors of their opportunity to be heard."  *Id.*

[33]      *Massa*, 187 F.3d at 296 (citing *Dependable Ins. Co. v. Horton*, 149 B.R. 49, 57 (Bankr. S.D.N.Y. 1992)).  *Accord In re Worthing*, 24 B.R. 774, 776 (Bankr. D. Conn. 1982) ("Because the debtor failed to list the subject debt, it cannot be considered duly scheduled within the meaning of 11 U.S.C. § 521[a](1) and consequently, the burden of proof shifts to the debtor to show that [the creditor] had notice or actual knowledge of the case in time for the timely filing of a proof of claim.").

[34]      *Massa*, 187 F.3d at 297.

debt,[35] provided such notice is timely.

Finally, under section 501(c), a debtor may file a proof of claim for a creditor who does not timely file a proof of claim.[36]  Thus, section 501(c) provides a means for a debtor to ensure that all prepetition claims are dealt with in the bankruptcy case.

### B.    Rule 11 Sanctions

A pleading, motion, or other paper violates Rule 11 when it is submitted for "any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."[37]

The Supreme Court has cautioned that Rule 11 "must be read in light

---

[35]    *See Casey v. Mohamed,* 323 B.R. 834, 837 (Bankr. S.D.N.Y. 2005) (holding that debtor's letter to court discussing bankruptcy petition presumptively put creditor "on timely notice" of the bankruptcy).  *See also Delgado v. Derecktor Shipyards, Inc.*, No. 08 Civ. 00316, 2012 WL 162301, at *2 (D. Conn. Jan. 18, 2012) (debtor's motion to stay informing the district court of bankruptcy provided creditor "indisputable . . . actual notice" of the case).

[36]    *See* 11 U.S.C. § 501(c) ("If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.").

[37]    *Watkins v. Smith*, No. 12 Civ. 4635, 2013 WL 655085, at *5 (S.D.N.Y. Feb. 22, 2013) (citing *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)).

of concerns that it will . . . chill vigorous advocacy."[38]  Thus, "[w]hen divining the point at which an argument turns from merely losing to losing and sanctionable" courts must "resolve all doubts in favor of the signer of the pleading."[39]  Sanctions should be imposed only "where it is patently clear that a claim has absolutely no chance of success."[40]

In deciding a Rule 11 motion, a district court "must adhere to the procedural rules which safeguard due process rights."[41]  Rule 11 requires that a motion for sanctions "be made separately from any other motion and . . . describe the specific conduct that allegedly violates Rule 11(b)."[42]  Furthermore, "[t]he motion must be served . . ., but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."[43]

---

[38]   *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[39]   *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993).

[40]   *Libraire v. Kaplan*, 395 Fed. App'x 732, 736 (2d Cir. 2010) (citations omitted).

[41]   *Castro v. Mitchell*, 727 F. Supp. 2d 302, 305 (S.D.N.Y. 2010) (citing *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 58 (2d Cir. 2000)). *Accord Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51-52 (2d Cir. 2008).

[42]   Fed. R. Civ. P. 11(c)(2).

[43]   *Id.*  Federal Rule of Bankruptcy Procedure 9011 governs in bankruptcy cases.  As explained by the Second Circuit, "[t]he 'notice' and

11

## IV.   DISCUSSION

### A.   Motion to Dismiss

Plaintiffs argue that their claims should not be discharged because they were not listed as creditors in Wang's plan of reorganization and they were not provided with notice in accordance with the provisions of the Bankruptcy Code.[44]  Wang argues that plaintiffs' claims were discharged under the plan.[45]  He further argues that the September 10, 2010 letter provided adequate notice of the bankruptcy to plaintiffs, relying on *Medaglia* and other cases.[46]

Wang has not sustained his burden of establishing that plaintiffs had notice of the Bar Date.  The September 10, 2010 letter could not have provided plaintiffs with notice of their requirement to file claims by July 15, 2010. *Medaglia* does not control because the notice here was provided well after the Bar

---

'reasonable opportunity to respond' requirements of [Bankruptcy] Rule 9011(c) reflect the importance of according fair procedural protections to an attorney or other party facing sanction."  *Klein v. Wilson (In re Highgate Equities, Ltd.)*, 279 F.3d 148, 152 (2d Cir. 2002).

[44]      *See* Pl. Opp. at 2; Pl. Sur-Reply at 1.

[45]      *See* Letter Motion to Dismiss at 1.  Wang mistakenly cites to section 1141(d)(1), which applies to corporate chapter 11 debtors, throughout the Letter Motion to Dismiss.

[46]      *See* 12/26/13 Letter from Labuda to the Court at 1-3.

Date.[47]  The controlling issue here is not the form of notice provided, but the fact that the notice Wang relies on was given well after the Bar Date.  Wang does not argue, or provide evidence, that plaintiffs had knowledge of the Bar Date before July 15, 2010.[48]

Thus, Wang has not sustained his burden.  If plaintiffs did not have notice of the Bar Date, their claims were not discharged under the plan and the present action can proceed.  Accordingly, Wang's motion to dismiss is denied without prejudice.  If Wang wishes to further litigate the issue of whether plaintiffs' claims were discharged in whole or in part by operation of his plan or otherwise, he can make a motion pursuant to section 350(b) of the Bankruptcy Code and seek a ruling from Judge Glenn.[49]

However, this Court will not permit any further delay in this action. Even if Wang was unaware of plaintiffs' claims when he filed his bankruptcy petition, there is no dispute that he became aware of their claims during the

---

[47]     Furthermore, as noted above, *Medaglia* involved a chapter 7 case, not an individual chapter 11 case.

[48]     Whether plaintiffs' filing of this case the day before the Bar Date was a coincidence or predicated on their knowledge of the Bar Date has not been discussed by the parties.

[49]     *See* 11 U.S.C. § 350(b) ("A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.").

pendency of his bankruptcy case.  Thus, Wang could have avoided the present

dispute by amending his schedules to include plaintiffs and by providing them with

notice of a new bar date or by otherwise seeking an order from Judge Glenn as set

forth in the Bar Date Order.[50]  Or Wang could have filed a proof of claim on behalf

of plaintiffs and eliminated any doubt as to whether plaintiffs' claims would be

discharged.[51]  Instead, Wang chose to ignore plaintiffs' claims even though he was

aware of them and despite the fact that settlements with former employees alleging

labor violations were an integral part of his confirmed plan.

### B.    Rule 11 Sanctions

Plaintiffs have failed to follow the procedural requirements of Rule

11, including by not filing the motion separately or by serving the motion before

filing it.[52]  Accordingly, plaintiffs' motion must be denied.  Furthermore, even if

plaintiffs' motion had been properly filed, plaintiffs have not established that

sanctions are appropriate in this case.

Plaintiffs argue that Rule 11 sanctions are warranted because Wang's

---

[50]    *See* Bar Date Order at 3-5.

[51]    *See* 11 U.S.C. § 501(c).

[52]    *See* Pl. Sur-Reply at 2 (combining Rule 11 motion with opposition to
defendant's motion to dismiss).

counsel misled both this Court and the bankruptcy court.[53]  Plaintiffs state that Wang and his counsel misled the bankruptcy court by not amending the schedules and statements to include plaintiffs and by failing to provide them with notice of the Bar Date, the disclosure statement, and the plan.[54]  Plaintiffs contend that counsel misled this Court by filing a motion to dismiss based on their failure to file a proof of claim even though Wang had never provided the required notice.[55]

As an initial matter, it appears that Wang had different counsel in his bankruptcy case from his counsel here.[56]  Moreover, plaintiffs have not established that Wang's effort to obtain dismissal on grounds that plaintiffs' claims were discharged under Wang's plan is objectively unreasonable or lacks any evidentiary support.[57]  Wang's argument that plaintiffs' claims were discharged in the bankruptcy is not unreasonable.  The parties' letters focused on the form of notice as opposed to the crucial fact that the July 15, 2010 Bar Date had already expired when Wang's counsel provided notice of Wang's bankruptcy case in September

---

[53]     *See id.*

[54]     *See id.* at 1.

[55]     *See id.* at 1-2.

[56]     *See, e.g.*, Bankr. Dkt. No. 21 (signed on behalf of Wang by Gary C. Fischoff of Steinberg, Fineo, Berger & Fischoff P.C.).

[57]      *See Morley v. Ciba–Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995); *Greenberg v. Chrust*, 297 F. Supp. 2d 699, 703 (S.D.N.Y. 2004).

2010.  Accordingly, plaintiffs have not established that Wang's counsel improperly misrepresented a relevant fact when advancing his notice argument.[58]  Finally, nothing in this record suggests that Wang's counsel filed the motion to dismiss for the sake of harassment or in violation of a court order.[59]

## V.   CONCLUSION

For the foregoing reasons, Wang's motion to dismiss is denied without prejudice, and plaintiffs' motion for sanctions is denied.  The  Clerk of

---

[58]    It is undisputed that Wang and his counsel failed to amend the bankruptcy schedules and statements to include plaintiffs or otherwise disclose the existence of this action in Wang's bankruptcy case.  Bankruptcy petitions and related documents are signed under penalty of perjury.  Debtors must take seriously their ongoing obligation to accurately represent their financial affairs to creditors and the bankruptcy court.  Indeed, "[d]ishonesty can bring severe consequences, including revocation of discharge and civil sanctions."  *In re Arana*, 456 B.R. 161, 169 (Bankr. E.D.N.Y. 2011) (citing *Estate of Perlbinder v. Dubrowsky (In re Dubrowsky)*, 206 B.R. 30, 37 (Bankr. E.D.N.Y. 1997) (awarding sanctions against debtor who provided false information in his schedules and statement of financial affairs)).  Knowing and false misrepresentation in a bankruptcy case is punishable by a fine, a prison term of up to five years, or both.  *See* 18 U.S.C. § 152.  Accordingly, plaintiffs may wish to pursue relief under Rule 9011 or on other grounds in the bankruptcy court.

[59]    *See  Morley*, 66 F.3d at 24.

Court is directed to close these motions (Docket Nos. 15, 21).  A status conference

is scheduled in this case on February 20, 2014 at 4:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 4, 2014

17

**- Appearances -**

**For Plaintiffs:**

Vincent S. Wong, Esq.
39 E. Broadway, Suite 306
New York, New York 10002
(212) 349-6099

**For Defendant Tsu Yue Wang:**

Joseph M. Labuda, Esq.
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
(516) 328-8899